IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ROMARE STITT

Magistrate No. 26-921

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Special Agent Jared Fitzgerald, being first duly sworn, hereby depose and state as follows:

1. As a Special Agent with the Federal Bureau of Investigation ("FBI"), I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been an FBI Special Agent since December 2020. During that time, I have become familiar with methods and techniques associated with investigations into organized crime, drug trafficking, gangs, and violent crimes. My experience as an FBI Special Agent has included the investigation of cases involving drug crimes, firearms violations, and I have enforced federal laws prohibiting these offenses. I am currently assigned as a Special Agent to the FBI Pittsburgh Division, Mon Valley Resident Agency.

3. I have been involved in many narcotics-related arrests and the service of many narcotics-related search warrants. I have handled cooperating sources of information who were involved in narcotics acquisition and/or trafficking. In addition, I have reviewed many

communications between drug traffickers as a result of my participation in multiple wiretap investigations. As a result of my narcotics-related training and experience, I am familiar with the methods and language used to acquire and distribute narcotics, to launder proceeds, and to operate drug-trafficking conspiracies.

4.     I have reviewed communications between drug traffickers and have conducted numerous interviews with drug traffickers and users of controlled substances as well as with other law enforcement officers about methods and language used by traffickers to smuggle, store, and distribute drugs, collect and launder drug proceeds, and avoid apprehension by law enforcement officers. As a result of my narcotics-related training and experience, I am familiar with the methods and language used to acquire and distribute narcotics, to launder proceeds, and to operate drug-trafficking conspiracies.

5.     I am familiar with federal firearms offenses and know that, in accordance with Title 18, United State Code, Section 922(g)(1), it is unlawful for an individual to possess a firearm and/or ammunition when they have been convicted of a felony for a term exceeding one year, and the individual's possession of the firearm was in or affecting interstate commerce.

6.     This affidavit is being submitted in support of a criminal complaint and an arrest warrant for Romare STITT ("R. STITT") for the offense of Felon in Possession of a Firearm and Ammunition, pursuant to Title 18, United State Code, Section 922(g)(1).

7.     The following allegations are based primarily upon both my own involvement in this investigation as well as information received from reliable sources to include other law enforcement officers and agents.  This affidavit is submitted for the limited purpose of establishing probable cause for a violation of 18 U.S.C. § 922(g)(1) committed by R. STITT. Accordingly, it does not include every fact known to me in connection with this investigation.

8.    On May 29, 2026, United States Magistrate Judge Maureen P. Kelly signed a search warrant authorizing the search of 1320 Franklin Avenue, Pittsburgh, Pennsylvania 15110, at Magistrate No. 26-851. The search warrant authorized the seizure of evidence, fruits, and instrumentalities of Title 21, United States Code, Sections 841(a)(1) (distributing and/or possessing with intent to distribute a controlled substance), 843(b) (using any communication facility in committing a drug trafficking crime), 846 (attempting or conspiring to commit a drug trafficking crime), and 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime) at the residence.

9.    On June 3, 2026, investigators executed the warrant at Magistrate No. 26-852 and conducted a search of the residence at 1320 Franklin Avenue. This residence is R. STITT's registered address with the Pennsylvania Department of Motor Vehicles. During the execution of the warrant, investigators located a firearm, namely a .38 Smith & Wesson revolver bearing serial number DDK 9108, located in the nightstand of the bedroom. The firearm was loaded with five (5) rounds of ammunition. Three (3) additional rounds of ammunition were located in the dining room loose in a drawer.

10.    During execution of the search warrant, R. STITT made statements regarding the firearm. Specifically, he stated that the firearm was given to him to use for protection.

11.    I am familiar with R. STITT's criminal history, which includes the following convictions:

   a. Possession with Intent to Deliver a Controlled Substance (Felony), pursuant to 35 P.S. § 780-113(A)(30), convicted on or about February 22, 2002, in the Allegheny County Court of Common Pleas; and

   b. Possession with Intent to Deliver a Controlled Substance (Felony), pursuant to 35 P.S. § 780-113(A)(30), convicted on or about February 26, 2009, in the Allegheny County Court of Common Pleas.

12.     I am aware that both of these offenses carry a penalty of greater than one year of imprisonment. I am also aware that state court judges routinely inform defendants of the maximum penalties associated with the offenses to which they are pleading guilty.

13.     Additionally, R. STITT was sentenced to a period of incarceration of greater than one year at Allegheny County Court of Common Pleas Case No. 9365-2006. Namely, he was sentenced to a period of incarceration of 11½ to 23 months.

14.     For these reasons, I submit that R. STITT was aware that the above convictions carried a penalty of greater than one year of imprisonment.

15.     I am also aware that there are not any firearms or ammunition manufacturers in the Commonwealth of Pennsylvania. Thus, the Smith & Wesson revolver had to have traveled through and affected interstate commerce.

16.     Therefore, based on my training and experience, and all of the foregoing facts, I believe STITT was in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), in the Western District of Pennsylvania.

The above information is true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

*/s/ Jared Fitzgerald, Special Agent*
Jared Fitzgerald, Special Agent
Federal Bureau of Investigation

Sworn to before me, by telephone,
pursuant to Fed. R. Crim. P. 4.1 (b)(2)(A),
this 3rd day of June 2026.
This matter shall remain under seal until
further order of the Court.

_____
HONORABLE KEZIA O. L. TAYLOR
United States Magistrate Judge
Western District of Pennsylvania